IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAVIS JOHNSON,

    Petitioner,

v.

A. KANE, Warden,

    Respondent.

No. C 06-04040 CRB (PR)

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

    On November 9, 2004, Petitioner pleaded guilty in San Mateo County Superior Court to possession of cocaine base for sale (Cal. Health & Safety Code § 11351.5) and admitted a prior strike conviction (Cal. Penal Code § 1170.12(c)(1)) from July 8, 1997. Respondent's Exhibit ("Exh.") B at 4, 7. On November 30, 2004, Petitioner was sentenced to six years in state prison pursuant to a plea agreement. Id. at 7; Exh. C.

    Petitioner did not appeal his conviction; instead he filed a series of petitions for writ of habeas corpus, which were all denied. Petitioner first filed a habeas petition in the San Mateo County Superior Court, which was denied on March 8, 2006. Exhibits ("Exhs.") D & E. He subsequently filed a second habeas petition in San Mateo County Superior Court, which was denied on April 26, 2006. Exhs. F & G. Petitioner then filed a habeas petition in the California Court of Appeal, which was similarly denied. See Exh. H. Finally, Petitioner filed a petition for review in the California Supreme Court challenging the appellate court's

decision. Id. The state supreme court denied review of the petition on June 14, 2007. Exh. I.

After exhausting his state judicial remedies, Petitioner filed the instant federal petition for a writ of habeas corpus in this Court on June 29, 2006. See Petition. Per order filed on December 4, 2006, the court found that Petitioner's claims – that his plea was not knowing and voluntary, and that he received ineffective assistance of counsel – appeared cognizable under 28 U.S.C. § 2254(d), when liberally construed, and ordered respondent to show cause as to why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and Petitioner has filed a traverse.

**STATEMENT OF THE FACTS**

On the evening of April 8, 2004, a Menlo Park police officer driving an unmarked car spotted a white vehicle parked in a gas station parking lot known for illegal drug activity. Exh. A at 6. Immediately before the officer pulled into the parking lot, a car driven by Petitioner drove onto the lot and parked beside the white vehicle. Id. at 7. The officer then observed the driver of the white vehicle approach Petitioner's car and make hand-to-hand contact. Id. at 9. When the officer approached the two vehicles, he saw Petitioner throw something inside his car. Id. at 11. When the officer subsequently searched Petitioner's pockets, he found $320. Id. at 14. When he searched Petitioner's car, the officer found two pieces of "off white colored rock shaped material" that were later determined to be base cocaine. Id. at 15. A later search of the female passenger in Petitioner's car also yielded base cocaine. Id. at 15. In later interviews with police officers, both the driver of the white vehicle and the female passenger in Petitioner's car stated that Petitioner was in the gas station parking lot with the intention of selling base cocaine. Id. at 18-22.

**DISCUSSION**

A.  Standard of Review

A writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.2d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claims

Petitioner claims that his guilty plea and six-year sentence are invalid because: (1) his plea was not "knowing or voluntary" because he was not informed of the maximum punishment that would result from his plea, that he had to serve 80 percent of his sentence or that he did not face life in prison if he proceeded to trial; and (2) he received ineffective

3

assistance of counsel because his counsel failed to inform him that he had to serve 80 percent of his sentence, and because counsel incorrectly informed him that he faced life in prison if he proceeded to trial. Petitioner argues that had he known that he did not face the possibility of life in prison, he would not have pleaded guilty, and instead, would have proceeded to trial. Pet. at 6. The claims are without merit.

1.  Knowing and voluntary guilty plea

Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The long-standing test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Parke v. Raley, 506 U.S. 20, 29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A plea is "involuntary" if it is the product of threats, improper promises, or other forms of improper coercion, Brady v. United States, 397 U.S. 742, 754-55 (1970), and is "unknowing" or "unintelligent" if the defendant is without the information necessary to assess intelligently "the advantages and disadvantages of a trial as compared with those attending a plea of guilty." Hill v. Lockhart, 474 U.S. 52, 56 (1985).[1]

A plea is not voluntary unless it is "entered by one fully aware of the direct consequences" of the plea. Brady, 397 U.S. at 755. A defendant must be advised of the maximum allowable punishment that will result from his plea. See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988). Failure to inform a defendant of the direct consequences of a guilty plea therefore may render a plea involuntary. See, e.g., United States v. Roberts, 5 F.3d 365, 368-70 (9th Cir. 1993) (sentence vacated and case remanded for resentencing where court failed to inform defendant of supervised release affecting maximum possible

---

[1] The terms "intelligent" and "knowing" are sometimes used interchangeably. Compare Parke, 506 U.S. at 28 (knowing and voluntary) with Hill, 474 U.S. at 56 (voluntary and intelligent).

punishment).

Petitioner's claim that his plea is invalid because he was not advised that he faced a maximum sentence of ten years in prison, or that he had to serve 80 percent of his sentence, is without merit. The record shows that Petitioner signed a change of plea form on November 9, 2004 that informed him that he had to serve 80 percent of his sentence and that he faced up to ten years in prison if he pleaded guilty. The change of plea form states in pertinent part: "My attorney has explained to me that the maximum penalty, including penalty assessments, which could be imposed as a result of my plea(s) of guilty or nolo contendere is: 10 years CDC, up to 4 years parole, $20,000 restitution fine, $200 minimum, $20,000 fine, registration as narcotics offender, serve sentence at 80%." Exh. J. It also states that Petitioner had not "been induced to plead guilty by any promise or representation of a lesser sentence, probation, regard, immunity, or anything else except: 6 yrs CDC." Id.

The change of plea form makes clear that Petitioner was informed of the direct consequences of his guilty plea. His conclusory assertions to the contrary are unavailing. Cf. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986) (declarations in open court and on the waiver of rights form carry a strong presumption of verity). Petitioner's claim that his plea is invalid because the court failed to inform him that he did not face life in prison if he proceeded to trial is also without merit. The record shows that only one strike was charged in the Information. Under California law, this subjected Petitioner to a doubling of the term for the possession offense, i.e., ten years; only if two strikes had been alleged, would Petitioner have been subjected to life in prison. See Cal. Penal Code § 1170.12(c). The San Mateo County Superior Court reasonably rejected Petitioner's claim on the ground that the trial court "was not required to advise petitioner that he had not already suffered two strikes." Exh. G at 2. Petitioner was entitled to be informed of the direct consequences of his plea, and the record shows that he was. See Torrey, 842 F.2d at 235.

Petitioner is not entitled to federal habeas relief on his claims that his plea was not knowing and voluntary. The state courts' rejection of the claims was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or

5

was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).

2. Ineffective assistance of counsel

A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), by showing "that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill, 474 U.S. at 57-59).

The transcript of the plea hearing plays a significant role in an inquiry into the validity of a plea:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (citations omitted).

Petitioner claims that his counsel failed to inform him that he had to serve 80 percent of his sentence.  The claim is contradicted by the change of plea form and by Petitioner's "solemn declarations in open court" that "carry a strong presumption of verity." Id.  On November 9, 2005, the court asked Petitioner whether he had "gone over [the change of plea form] in its entirety" and whether the signature on the form was indeed his. Exh. B at 2.  Petitioner responded affirmatively to both questions. Id.  Petitioner's mere assertions that counsel did not inform him that he had to serve 80 percent of his sentence are unavailing.  See Blackledge, 431 U.S. at 73-74

Petitioner claims that his counsel incorrectly told him that he faced the possibility of life in prison if he proceeded to trial. Petitioner asserts that had he correctly known that he was not facing a life sentence, he would not have pleaded guilty and, instead, would have risked proceeding to trial. Petitioner's claim is without merit. Nothing in the record supports Petitioner's assertion that his counsel incorrectly informed him that he faced the possibility of life in prison if he proceeded to trial. Rather, the record makes clear, as the change of plea form illustrates, that Petitioner was informed that he faced a maximum sentence of ten years, but would be sentenced to no more than six years if he pleaded guilty. Cf. United States v. Barrios-Gutierrez, 255 F.3d 1024, 1027-28 (9th Cir. 2001) (while defendant must be advised of the range of allowable punishment that will result from his plea, the trial court need not determine the actual punishment the prosecutor will seek or has the right to seek, so long as the defendant was informed of the maximum possible sentence he faces).

Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Womack, 497 F.3d at 1002. After all, Petitioner received a significant benefit from his plea agreement – six years, instead of ten, for a pretty "slam-dunk" of a possession charge. See United States v. Baramdyka, 95 F.3d 840, 845-47 (9th Cir. 1996) (counsel may commit serious errors, but as long as counsel succeeds in substantially reducing the sentence defendant would have likely received had he gone to trial, there is no prejudice).

Petitioner is not entitled to federal habeas relief on his claims of ineffective assistance of counsel. The state courts' rejection of the claims was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

//

//

7

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Dated: October 18, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE